MCGREGOR W. SCOTT
United States Attorney
MELANIE L. ALSWORTH
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:19-CR-00195 DAD BAM |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; AND ORDER |
| v. | |
| ROMAL PINEDA, MIGUEL VAQUERA, JR., AND ELVIS ZELAYA | DATE: April 27, 2020<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |
| Defendants. | |

This case is set for status conference on April 27, 2020. On March 17, 2020, this Court issued General Order 611, addressing COVID-19 and attendant public health advisories.

Although the General Order addresses the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

and inexcusable—the General Order requires specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Order excludes delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through their counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on April 27, 2020.

2. By this stipulation, the parties now move to continue the status conference until May 26, 2020, and to exclude time between April 27, 2020, and May 26, 2020, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

a) The government has produced represented that the discovery associated with this case including investigative reports and other documents. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying. The government is working on supplemental discovery to be distributed to the defendants in the coming weeks. The government recently provided plea offers to the defendants.

b) Counsel for defendants desire additional time to consult with their respective clients regarding the current charges, to conduct investigation and research related to the charges, to review the discovery and forthcoming supplemental discovery, to discuss potential resolutions with their respective clients, to prepare any necessary pretrial motions, and to otherwise prepare for trial.

c) The parties believe that failure to grant the above-requested continuance would them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d) All parties agree to the continuance.

e) In addition to the public health concerns cited by General Order 611 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because.

    (i) The status conference involves individuals with high-risk factors, such as age, and medical conditions.

    (ii) Counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible. It will be difficult to avoid personal contact should the status conference proceed.

f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a speedy trial within as prescribed by the Speedy Trial Act.

g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of April 27, 2020 to May 26, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]

because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: March 26, 2020                McGREGOR W. SCOTT
                                     United States Attorney

                                     /s/ MELANIE L. ALSWORTH
                                     MELANIE L. ALSWORTH
                                     Assistant United States Attorney

Dated: March 26, 2020                /s/Anthony Capozzi
                                     ANTHONY CAPOZZI
                                     Attorney for Defendant Pineda

Dated: March 26, 2020                /s/David Torres
                                     DAVID TORRES
                                     Attorney for Defendant Vaquera

Dated: March 26, 2020                /s/Richard Beshwate, Jr.
                                     RICHARD BESHWATE, JR.
                                     Attorney for Defendant Zelaya

## ORDER

IT IS SO ORDERED that the Status Conference is continued from April 27, 2020 to **May 26, 2020 at 1:00 PM before Magistrate Judge Barbara A. McAuliffe**. Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated: **March 26, 2020**            /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE