1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                             EASTERN DISTRICT OF CALIFORNIA

10

11      UNITED STATES OF AMERICA,              1:19-cr-00195-NODJ-BAM-1

12                  Plaintiff,                 ORDER DENYING DEFENDANT ROMAL
                                               PINEDA'S REQUEST FOR TEMPORARY
13            v.                               RELEASE

14      ROMAL PINEDA,                          (ECF No. 194)

15                  Defendant.

16

17            Pending before the Court is Defendant Romal Pineda's motion to be released from

18      custody on his own recognizance to attend his mother's funeral, with any expenses paid for by

19      Defendant's family.  (ECF No. 194.)  Viewing is scheduled for January 23, 2025, and the funeral

20      is scheduled for January 24, 2025, in Bakersfield, California.  On January 21, 2025, the Court

21      held a hearing on this matter, and Defendant suggested that the U.S. Marshal's Service could

22      escort Defendant.  For the reasons set forth below and at the hearing, the Court will deny the

23      request.

24            The indictment in this case charges Defendant with a violation of 21 U.S.C. § 846,

25      841(a)(1), conspiracy to distribute and possess with intent to distribute controlled substances,

26      with a potential maximum sentence of life imprisonment (count one); 21 U.S.C. § 841(a)(1) and

27      (b)(1)(A)(viii), possession with intent to distribute a controlled substances (methamphetamine and

28      heroin), with a potential maximum sentence of life imprisonment (count three); and 21 U.S.C. §

                                                   1

1   841(a)(1) and (b)(1)(A)(viii), possession with intent to distribute a controlled substance

2   (methamphetamine), with a potential maximum sentence of life imprisonment (count four). (ECF

3   No. 1.)  On September 20, 2019, the Court issued a detention order, finding Defendant was a

4   flight risk and danger to the community for which no condition or combination of conditions

5   could be reasonably fashioned. (ECF No. 13.)  On September 18, 2024, Defendant entered a

6   guilty plea, offering to plead guilty to count four in exchange for full satisfaction of the

7   indictment. (ECF No. 155.)  Defendant's sentencing hearing is set for February 3, 2025.

8   Pursuant to Section 3142(i) of the Bail Reform Act, "[t]he judicial officer may, by

9   subsequent order, permit the temporary release of the person, in the custody of a United States

10  marshal or another appropriate person, to the extent that the judicial officer determines such

11  release to be necessary for preparation of the person's defense or for another compelling reason."

12  18 U.S.C. § 3142(i); see also United States of Am. v. Ryan, 445 F. Supp. 3d 707, 708 (C.D. Cal.

13  2020) ("Bail Reform Act authorizes 'temporary release' pending trial into 'the custody of a

14  United States marshal or another appropriate person' for (as pertinent here) 'compelling reasons'

15  only.").  To sustain this burden, a defendant must demonstrate the presence of one of two factors:

16  (1) that his temporary release is necessary for the preparation of his defense; or (2) that his

17  temporary release is necessary for "another compelling reason."

18  As to the first factor, Defendant does not argue that temporary release is necessary to

19  prepare his defense, and so this Court must determine whether he has established that temporary

20  release is necessary for "another compelling reason."  The Court finds that he has not.  Under the

21  law, the Court's primary consideration is Defendant's dangerousness and risk of flight.  "[A]n

22  examination of the defendant's dangerousness and risk of flight is appropriate when deciding a

23  temporary release motion."  United States v. Sibley, No. 23-cr-00486-DDD, 2024 WL 2923912,

24  at *2 (D. Colo. June 10, 2024); see United States v. Boatwright, 612 F. Supp. 3d 1169, 1179 (D.

25  Nev. 2020) ("The Bail Reform Act allows for temporary release only if the Court determines such

26  release is 'necessary' for a compelling reason."); United States v. Terrone, 454 F. Supp. 3d 1009,

27  1018 (D. Nev. 2020) ("A defendant bears the burden of establishing circumstances warranting

28  temporary release under § 3142(i)."); United States v. Navarro, No. 2:19-cr-00056 JCM DJA,

2

1   2020 WL 5877816, at *1-*2 (D. Nev. Oct. 2, 2020) ("[The defendant] simply argues that this

2   Court should order his temporary release because his father's death and his attendance at the

3   subsequent funeral is such a unique and compelling circumstance that § 3142(i) warrants release.

4   The Court is unpersuaded by this argument . . . . The death of [the defendant's] father and his

5   subsequent funeral, while tragic and disheartening, do not rise to the level of another compelling

6   reason to release [the defendant] temporarily to attend the funeral given the record in this case

7   and the previous detention order."). It is not uncommon for those in custody to face the loss of a

8   loved one while detained. Granting temporary release for these circumstances is simply not

9   supported by the Bail Reform Act.

10          Further, Defendant's suggestion that the U.S. Marshal's Service could supervise

11  Defendant's release is untenable and not supported by law. Defendant's other suggestions are not

12  sufficient to overcome the flight risk and danger concerns previously addressed by the Court.

13          The Court recognizes the challenging circumstances presented by the death of

14  Defendant's mother and his understandable desire to be with his family at the viewing and

15  funeral. However, the Court must consider the factors that warranted his detention. (ECF Nos.

16  13.) The Court finds that none of those circumstances have changed. Thus, as the Court

17  previously found, those factors demonstrate that Defendant remains a danger to the community

18  and there is no condition or combination of conditions that will reasonably assure the safety of the

19  community.

20          Accordingly, IT IS HEREBY ORDERED that, for the reasons stated above and on the

21  record on January 21, 2025, Defendant Romal Pineda's motion for temporary release is DENIED.

22

23  IT IS SO ORDERED.

24  Dated:   **January 21, 2025**   _____

                                      STANLEY A. BOONE
25                                    United States Magistrate Judge

26

27

28